The next case is number 21-1510, United States v. Juan Angel Bauza-Saez. At this time, if the appellant would introduce himself on the record to begin. Good morning, Your Honor. May it please the Court, Jorge Lujan Jimenez on behalf of Mr. Juan Angel Bauza-Saez. In this appeal, Your Honor, we are raising several issues regarding the sentences and revocation of the client. My client was sentenced to a low-end sentence of 12 months. After committing a violation, the violation consisted of a kidnapping carjacking, in which he was sentenced by a previous judge of the predicate offense to a very harsh sentence of 204 months of imprisonment. When the client went to the sentence in 2021 for the revocation proceeding, the judge that presided the sentence in none of the instances that we can see from the transcripts, in no instance was made any reference that they reviewed the history and characteristics of the client. There was no mention of the majority of the sentencing factors that the Court must consider according to Section 3583E. He relied, basically, on the serious defense deterrence. Counsel, I think your argument boils down to the fact that your client was sentenced to a consecutive sentence with a supervised release violation, rather than what you thought your client would have liked would be a concurrent sentence, correct? That's correct, Your Honor. Where's the abuse of discretion or the plain error? Is there any standard? I think it is plain error. There was no objection at the trial level concerning the issue of procedural reasonable sentence. In this case, the error is the following. When we see that the judge imposed the consecutive sentence here, the judge was not informed by the defense counsels at any time of any mitigating evidence. We don't know nothing about what was transpiring in the life of Mr. Humboldt, such as at the time that he committed the offense. And, in fact, they were… But if counsel doesn't bring it up, why does the judge have to inquire as to, you know, if nobody's objecting or presenting anything, that's the issue. The judge has a violation, and the procedure is, government, can I hear from you? What's your recommended sentence? Why? Defense, what are you recommending? And the opportunity was given here. There's an opportunity for allocution as well. And, you know, if the defendant didn't take, you know, the supervisee, the defendant didn't take an opportunity of that, why? Where's the error there? We think that the fact that the defense counsel nor the client brought the discussion of the mitigating farce did not override the duty of the court to consider those factors. In fact, during the allocation portion, when we see the judge made the statement, do you want to address the court, the client at that moment will just say, thank you, Your Honor, no. I think that when you have a client, when you have a defendant at a sentencing hearing, and that defendant is facing, has faced, has already received a harsh sentence, and he's facing a revocation proceeding, the least that he deserves is the opportunity to present arguments and ask for mercy from the court. Let me say this also. The flip side is also correct. Sometimes you've been defending clients for many years. Sometimes you tell your clients, don't speak. The less, the better, because if you open your mouth, the judge can end up giving you more. So that's a decision that was made by the defendant's supervisee along with the attorney. And from the record, I don't see where the error is. I think that I see the error here, Your Honor, because when the right of allocation should, in this case, if the district court should have inquired more specifically regarding this client, be more specific, they would have been given a more comprehensive question, because they saw that the defense counsel did not present arguments as to mitigation that were present. That would have given the client the opportunity to present those arguments and to speak about things. So you would be asking this court to establish a rule that, at least on the supervised release revocations, that counsel address the court as to mitigating factors or defendant. You know, defendants can't be forced to allocate. But you would suggest that we impose some moving forward, in Rimanda's case, some sort of rule?  Is that what the First Circuit has stated, that the duty as to the right of allocation, is the court have the duty to be sure that the client presents the allocation, that the client understands that he has the right to say anything. And when you have an unsophisticated, poorly educated, and very young individual as Balsas at the sentencing hearing, after he had received a sentence of 204 months when he was expected to receive a much lower sentence in the previous case, the least that the court could have done at that sentence is to allow him and explain to him that if he wanted to say something about his life, what was transpiring, just to be more detailed as to that issue. Let me also say, this is a case where Mr. Balsas committed a carjacking. He was sentenced originally. Then he's on supervised release. He commits a second carjacking. So this is not somebody who doesn't know about the system. He's been through two allocutions in both sentences before. He knows he has the right to say that. So this is not a sentence involving a first-time offender who's never been before the court. We can make the assumption that he thought that what was said by her lawyer was sufficient, but what his lawyer said was only that that previous sentence was too harsh, and they probably assumed that that argument, since that previous sentence was so harsh, that the judge was going to grant a concurrent sentence, but that was not what transpired. Let me also ask you, it's undisputed, it's a matter of law, that judges have discretion when imposing sentences. It can be a sentence for two different criminal cases. It can be a supervised release violation sentence. But judges have discretion to sentence concurrently or consecutively. Am I correct? Yes, Your Honor, they are. But where is the error in the judge saying, here, I decide to impose the sentence consecutively? I think that the decision to impose, as this court has stated in U.S. v. Coons, the decision to impose a concurrent consecutive sentence must be an informed decision. And in this case, an informed discretion. And it was not an informed discretion. There's nothing in the record that says that they review a presentence report, a revocation report prepared by the probation officer. Well, there's going to be a motion notifying the violation. When the judge gets that, the judge gets the presentence report. There's going to be the original presentence report and then the new presentence report. The judges have that information available. The judge doesn't simply go in a vacuum and seize the motion. I guess that could be the proceeding, but that's not what we see in the record. When we see that transcript, there's nothing, nothing, absolutely to any issue regarding mitigation elements of the history and characteristics of the client. Why wouldn't the sentence be consecutive? I mean, why should he, in effect, get no prison time for violating the supervisory conditions, merely because he created another crime and got a heavy sentence for that? And I add, it's two violent crimes of the same type, carjacking and carjacking. Yes, we know and we can see that it was a very serious violation that he committed. But I think that in this case, what the judge should do was to deal with the abuse of trust. And the issue of the abuse of trust could have been dealt with only with a concurrent sentence of 12 months. That will be enough, and that's what the law requires, a sentence that is sufficient. The guidelines recommend the norm would be just to the opposite, right? Don't the guidelines suggest that absent something unusual, the sentence should usually be consecutive? There are sections 3, 5, 8. Of course, yes, the guidelines recommendation is for the sentence to be consecutive. That's correct. But the argument was made by your predecessor counsel. Judge, we asked for a concurrent. It was a very harsh sentence, and that was brought to the judge's attention. That's correct. But anyway, Your Honor, the abuse of trust issue could have been solved, and a sufficient sentence on this case and a reasonable sentence could have been and should have been a sentence of a concurrent sentence. I have no doubt if Judge Gregory had before him a statement and the opportunity to hear the mitigating circumstances that were transpiring in the life of Juan Balsas' case, that the situation would have been different. And I think that that was the main issue that affected his judgment. Anything in the pre-sentence report from the underlying offense which gets attached to the notice of violation that includes everything you're suggesting that the court should have been able to consider? Not to my knowledge, no. I didn't see anything about that, Your Honor. They simply related what happened in the previous offense. That is all that is there. The case was centered on the commission of defense and basically on the seriousness of defense and the issue of deterrence that was touched by the judge. I think that it was in some way they overemphasized the situation. I don't blame them. I know it was a serious offense, but they forget to make a serious analysis of the mitigating circumstances that were present at that time. And, in fact, they were mitigating circumstances. They had the opportunity to meet with my client at Coleman. I spoke with him. I spoke with his mother, and there were highly important mitigating circumstances that should have been brought before the district court in this case. Let me ask something. Before they were brought to the district court, shouldn't they have been brought also to the probation office? And they were not. The sentencing memorandum, Your Honor, did not mention anything. That's another problem with this client. Nothing was said during the hearing. Isn't that then an ineffective assistance of counsel rather than an issue for the right to appeal, perhaps? I think it is an issue of appeal because I think that it's plain error. Absent this information constitutes error, and there is a reasonable probability that if he had had the opportunity to present the mitigating evidence in this case, he would have received a different sentence. In this case, what we think should have been is a concurrent sentence. And going back, Your Honor, to what you said concerning that nothing was said, that the court in some way should not be fault for what did not conspire, I read the case that was cited by the government, which brings that exact point. And in that specific case, it is obvious that what's different is this thing, because there they had a pre-sentence report that was present, and that judge was fully informed of what happened in the life of that client. And in this case, that is absolutely missing from all that Gansberg has done for everything. Thank you. Thank you, Your Honor. Have a wonderful day. At this time, if counsel for the government would introduce himself on the record to begin. Good morning, and may it please the court, Greg Conner for the government. This court should affirm the 12-month revocation sentence because the sentence was reasonable and because this court has already rejected Bowser's arguments. To start, he acknowledges at page 7 of his brief that plain error should apply. And not only is there not clear error under binding precedent, the binding precedents of this court cut against Mr. Bowser. Are you referring to Pacheco? Are you referring to our decision in Pacheco? I'm referring to more than that, particularly the Vegas-Elgato case that handles, I think, all of his claims of error. So, for example, in Vegas-Elgato, this court said that it was whistling past the graveyard or to say a district court judge doesn't know that the guidelines are advisory. The advisory nature of the guidelines are now a basic tenet of federal criminal sentencing law, so judges are presumed to know that, and there's nothing in the record in that case, and there's nothing in the record in this case to suggest that the district court judge didn't know that. Same with the argument that the district court judge didn't consider certain sentencing factors. This court said that was fishing in an empty stream. A district court doesn't have to verbalize its consideration of each and every sentencing factor, and some wrote incantation. And in this case, the district court said multiple times that it was considering the sentencing factors in 3553. Let me ask something. If counsel would have been able to present mitigating factors that were not presented to Judge Garcia-Gregg and Judge Garcia had inquired more about them, that would have also allowed the government to rebut those or to bring other aggravating factors. Am I correct? Yes, at least to rebut the arguments that Bowser made, but as far as the opportunity, a lot of his argument today was that he didn't have the opportunity, and that's just not true. He made arguments in a brief sentencing memorandum, and he made arguments, and then the district court judge explicitly addressed those arguments and said that it was balancing the aggravating circumstances alongside the fact that he got a stiff sentence in the other case. And just finally, I think this... So the district judge did in fact take into consideration that he had a very, very stiff sentence in the sentencing case for the underlying offense that led to the revocation also. That's correct. So it wasn't like the judge was like, I don't know what he got, but I'm going to give him consecutive. It was like, I know he got 200, and I'm giving you 200 plus 12 consecutive. I'll give you 12 consecutive months now. That's correct, and again, 12 months, low end of the guideline range, which is presumptively reasonable. And just really quickly, it's at page 54 of the appendix that he's given the opportunity to allocute. I believe it was Judge Helpe that mentioned the fact that this is someone who has experienced sentencing hearings before, so there's no reason to think that his statement that he didn't want to allocate was mistaken. As a matter of fact, the judge who sentenced Judge Garcia to a revocation for supervised release originally sentenced him for the original carjacking. That's correct. So it's not like a different judge. This judge is seeing him for a second time. That's correct. Is it enough in your mind for the court to just simply say, do you want to address the court, as opposed to being really explicit about it being a right? In fact, it's a constitutional right for the defendant to be able to address the court. Is that enough? Yes, Your Honor. If they're given the opportunity, I think that is enough. And this court said in the, I think, Tonko Pissarro case, that it's not going to get into some semantics rabbit hole as long as they're given the opportunity that suffices. Thank you. And let me ask you, when you say opportunity, it's not only to do the allocution, but there's also an opportunity that was taken advantage of in filing a sentencing memorandum also, which was part of the whole sentencing process. That's correct, the entire process. Thank you.